Martínez, Recurrente, *v.* El Registrador de San Germán, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Germán denegando la inscripción de una renuncia de herencia.

No. 359.—Resuelto en julio 9, 1918.

Mandatarios—Interpretación del Párrafo 2º. del Artículo 1362 del Código Civil Revisado.—En el presente caso no es de aplicación el párrafo 2º. del artículo 1362 del Código Civil Revisado que se refiere a que los mandatarios no podrán adquirir por compra, aunque sea en subasta pública o judicial, por sí o por persona alguna intermedia, los bienes de cuya administración o enajenación estuvieren encargados. La mandataria, en virtud de la renuncia de herencia que hace en el caso de autos a nombre de su mandante, podrá ser llamada a adquirir participación en la herencia renunciada; pero como no aparece que tal adquisición sea por compra, falta un requisito indispensable para que pueda afectar a la mandataria la incapacidad establecida por el precepto legal citado, ya que la disposición contenida en el número 2º. del artículo expresado no debe ampliarse, ni aún por razón de analogía, a personas y casos que no comprende, según las reglas de interpretación universalmente aceptadas.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Benito Forés y Morazo.*

El registrador recurrido, Sr. Emigdio S. Ginorio, no compareció.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Por orden de la Corte de Distrito de Mayagüez a 7 de septiembre de 1917 fueron declarados únicos herederos de Gabriela Ortiz Gregory, fallecida en 24 de marzo de 1917, su media hermana Elvira Ortiz y Ortiz y sus hermanos de doble vínculo Francisco Esteban, Soledad Leticia, Dominga Constanza y Carmen Ramona Ortiz y Gregory y su viudo Juan Bautista Martínez en la cuota usufructuaria correspondiente.

Por escritura pública número 105 otorgada en la ciudad de San Germán ante el notario Benito Forés y Morazo a 13 de abril del año siguiente, 1918, Soledad Ortiz y Gregory obrando en representación de su legítima hermana Carmen Ortiz Gregory a virtud de poder que ésta le había conferido en la ciudad de New York a 5 de marzo de 1917, con cláusula para aceptar y repudiar herencias y legados, renunció la herencia que a su mandante pudiera corresponder como una de las herederas de su finada hermana Gabriela Ortiz y Gregory, cuya herencia no se había aún liquidado ni dividido.

La orden de declaratoria de herederos de Gabriela Ortiz Gregory fué presentada en el Registro de la Propiedad de San Germán para su inscripción con relación a una finca urbana No. 64 situada en la calle del "Carro" de dicha ciudad, acompañándose la escritura de repudiación de herencia de 13 de abril de 1918, y el registrador por nota de 2 de mayo último verificó la inscripción solicitada en cuanto a las participaciones que adquirieran Elvira Ortiz y Ortiz, Francisco Esteban, Soledad Leticia y Dominga Constanza Ortiz y Gregory y el viudo Juan Bautista Martínez por virtud de la muerte de Gabriela Ortiz Gregory, denegando la inscripción en lo concerniente a la renuncia que de la herencia de Gabriela.

Ortiz y Gregory hace su hermana Soledad Leticia de iguales apellidos, como apoderada de su otra hermana Carmen Ramona, en escritura No. 105 de 13 de abril ante el notario Benito Forés y Morazo en la que se transcribe el poder, porque la renuncia de herencia equivale a una enajenación y se pretende inscribir el derecho de la poderdante a nombre de sus hermanos, entre los que se comprende la propia apoderada, acto éste contrario al precepto establecido en el párrafo 2º. del artículo 1362 del Código Civil Revisado.

No es de aplicación al caso el artículo invocado por el registrador.

Ese artículo en la parte atinente dice así:

"Artículo 1362.—No podrán adquirir por compra, aunque sea en subasta pública o judicial, por sí ni por persona alguna intermedia—

"1. *   *   *.

"2. Los mandatarios, los bienes de cuya administración o enajenación estuvieren encargados."

La mandataria Soledad Ortiz y Gregory en virtud de la renuncia de herencia que hace a nombre de su mandante Carmen Ortiz y Gregory podrá ser llamada a adquirir participación en los bienes de la herencia renunciada; pero como no aparece que tal adquisición sea por compra, falta un requisito indispensable para que pueda afectar a la mandataria la incapacidad establecida por el precepto legal que dejamos transcrito.

La disposición contenida en el artículo 1362 número 2º. no debe ampliarse ni aún por razón de analogía, a personas y casos que no comprende, según las reglas de interpretación universalmente aceptadas.   Véase la resolución de la Dirección general de los Registros de España de 1º. de septiembre de 1897.

Es de revocarse la nota recurrida ordenándose al registrador que verifique la inscripción denegada.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.